[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties herein entered into an oral contract wherein the plaintiff agreed to clear three lots in a subdivision being developed by the defendant.
Evidence indicated that they physically walked the site and thereafter agreed that Lot #6 which also included Lot #1 would be cleared for the sum of $1,000.00 and the other two lots for the sum of $900.00 and $800.00 respectively.
At the end of the first day the plaintiff claims he notified the defendant that he could not do Lot #6 for the price quoted. He claims further that they agreed on a modification wherein the fee was to be $1,200.00 per day plus tax.
The plaintiff alleges that the defendant grossly misrepresented the amount of clearing required on Lot #6. The defendant offered him a check in the amount of $1,000.00 for the first day's work. The check was not cashed due to "paid in full" notations thereon.
The plaintiff acknowledges that the initial amount for clearing the lots was arrived at after he and the plaintiff walked the property. Wetlands areas were pointed out as well as blue markers placed beyond a buffer zone protecting the wetlands. While CT Page 4612 the plaintiff acknowledges that a map was shown to him he testified that he was not very good at reading the same.
The defendant, president of G.F. Construction, testified that he and the plaintiff walked the three areas to be cleared, pointed out the wetlands, and showed him the boundary lines and agreed upon the sum of $2,700.00 as the total fee.
The court finds the issues for the defendant. The plaintiff was experienced in the tree service, and in fact walked over the site before agreeing to any price. While there is some dispute as to the area encompassing Lot #6, the plaintiff not only walked over the site, he also had the map which disclosed the areas to be cleared available to him. The area of wetlands in addition to being shown the plaintiff was also depicted on the map.
Nevertheless the plaintiff is entitled to the sum agreed upon for clearing Lot #6, $1,000.00.
Judgment may enter accordingly.
THE COURT,
Curran, J.